Dominic J. VERDA, Plaintiff-Appellant,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Defendant-Respondent.

No. 50653.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 1986.

Application to Transfer Denied
Sept. 16, 1986.

G. Richard Fox, St. Louis, for plaintiff-appellant.

Bruce A. Ring, Chief Counsel, Alice V. Sterkel, Asst. Counsel, Kirkwood, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiff seeks to recover damages from defendant, Missouri Highway and Transportation Commission, for personal injuries and expenses sustained when an automobile in which he was a passenger, after being struck in the rear by another vehicle, collided with a steel girder supporting a road sign. Plaintiff's petition alleges that the road sign, without breakaway bolts to minimize the severity of an impact, constituted an actionable nuisance. Defendant's motion to dismiss on the grounds of sovereign immunity was sustained by the trial court. Plaintiff appeals. We affirm.

Plaintiff's injuries were sustained on April 11, 1978. On that date, the common law doctrine of sovereign immunity as expressed in *O'Dell v. School District of Independence*, 521 S.W.2d 403 (Mo. banc 1975), *cert. denied*, 423 U.S. 865, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975), was the law of this state. *See Jones v. State Highway Commission*, 557 S.W.2d 225, 231 (Mo. banc 1977). Accordingly, we are not concerned with the subsequently enacted sec. 537.600, RSMo.1978.

Plaintiff's sole contention is that the doctrine of sovereign immunity applies only as a defense to an action based on negligence and that a governmental unit may not escape civil liability for injuries caused by the creation and maintenance of a nuisance.

Plaintiff's contention has been specifically rejected by the Supreme Court of Missouri in *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348 (Mo.1964). In *Page* the court expressly disapproved "appellant's contention that the doctrine of governmental immunity does not apply in a suit for damages resulting from the maintenance of a nuisance." *Id.* at 353. *Page* specifically held inapplicable cases such as *Rogers v. Kansas City*, 327 S.W.2d 478 (Mo.App.1959), a case relied upon by plaintiff herein, which was concerned with the liability of a city, "and not with the liability of an arm of the state government which exercises strictly governmental functions...." *Id.*

*Page* is the latest statement by the Supreme Court of Missouri on the very issue presented by plaintiff's contention, and we are not at liberty to disregard it. Missouri

Constitution, Art. V, sec. 2; *Estate of Seabaugh,* 654 S.W.2d 948, 957 (Mo.App.1983).

Accordingly, the judgment of the trial court is affirmed.

SMITH and SNYDER, JJ., concur.